IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH D. PATRICK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 10-0188-WS-M |
| | ) |
| BISHOP STATE COMMUNITY | ) |
| COLLEGE, etc., et al., | ) |
| | ) |
|     Defendants. | ) |

ORDER

This matter is before the Court on the defendants' motion to re-tax costs. (Doc. 37). The plaintiff declined the opportunity to respond, (Doc. 38), and the motion is ripe for resolution.

The defendants seek taxation of $1,229.21, all of it incurred in connection with four depositions taken in the case: the plaintiff, two 30(b)(6) representatives, and a witness.

Court reporter fees for "stenographic transcripts" that were "necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(2). "It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained." *United States Equal Employment Opportunity Commission v. W&O, Inc*., 213 F.3d 600, 621 (11th Cir. 2000). "A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *Id*. (internal quotes omitted). "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses, ... and that the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that

their depositions were outside the bound of discovery." *Id*. (internal quotes omitted). Such costs are not taxable if they were not "related to an issue which was present in the case at the time the deposition was taken." *Id*. (internal quotes omitted). A party may even recover the cost of his own deposition if it was reasonably necessary, such as to allow his counsel to confine impeachment to its proper limits. *Id*. at 622.

Under these principles, the costs associated with all four depositions is properly taxable. The defendants used the plaintiff's deposition in support of their successful motion for summary judgment, they required a copy of the 30(b)(6) depositions to prepare for trial and confine impeachment, and the plaintiff's deposition of another employee reflected that the defendants might need that transcript to cross-examine the witness.

Any portion of the cost of a deposition that was incurred "for the convenience of the attorney" rather than being "necessarily obtained for use in the case" is not properly taxable. *Newman v. A. E. Staley Manufacturing Co.*, 648 F.2d 330, 337 (5th Cir. 1981). Likewise, "[c]osts associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable." *Kerns v. Pro-Foam, Inc.*, 2007 WL 2710372 at *3 (S.D. Ala. 2007) (internal quotes omitted). The defendants are thus not entitled to recover the $40.00 charge for delivery, condensed transcript, index and e-tran.

For the reasons set forth above, the defendants' motion to re-tax costs is **granted in part**. The defendants are awarded costs of $1,189.21. In all other respects, the defendants' motion is **denied**.

DONE and ORDERED this 15th day of July, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE